**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KLC FINANCIAL, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | C.A. No. _____ |
| | § | |
| **FORK LIFTS UNLIMITED, INC.** | § | |
| **JIMMY TYRONE TEAGUE and** | § | |
| **CLAUDIA GALE TEAGUE** | § | |
| | § | |
| **Defendants** | § | |

**COMPLAINT FOR MONEY DAMAGES & WRIT OF SEQUESTRATION**

**NOW COMES,** the **PLAINTIFF, KLC FINANCIAL, INC.** ("KLC"), by and through its attorneys, and for its Complaint for Money Damages against **DEFENDANTS, FORK LIFTS UNLIMITED, INC.** ("FORK LIFTS"), **JIMMY TYRONE TEAGUE** ("JIMMY TEAGUE") and **CLAUDIA GALE TEAGUE** ("CLAUDIA TEAGUE") (collectively "Defendants"), states as follows:

**PARTIES**

1.      KLC is a Minnesota corporation with its principal place of business at 3514 County Road 101, Minnetonka, MN 55345.

2.      FORK LIFTS is a Texas limited liability corporation with its principal place of business at 550 Navigation Blvd., Corpus Christi, TX 78408.

3.      JIMMY TEAGUE and CLAUDIA TEAGUE are citizens of the State of Texas, both residing at 4418 Spring Street, Corpus Christi, TX 78415.

## JURISDICTION AND VENUE

4.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332, as the Plaintiff is a corporation organized under the laws of the State of Minnesota and has its principal place of business located in Minnesota and therefore under 28 U.S.C. §1332 (c), Plaintiff, for jurisdictional purposes, is considered a citizen of the State of Minnesota.  Defendant, FORK LIFTS UNLIMITED, INC., is a corporation organized under the laws of Texas and has its principal place of business in Texas.  Defendant, JIMMY TYRONE TEAGUE is a citizen of the State of Texas.    Defendant, CLAUDIA GALE TEAGUE is a citizen of the State of Texas.    Therefore, Plaintiff and Defendants are citizens of different states.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) by virtue of the fact that a substantial part of the events or omissions giving rise to KLC's claim occurred in this district, a substantial part of the property that is the subject of this action is located within this district and the Defendants reside in this judicial district and are subject to personal jurisdiction in this judicial district.

## FACTS

6.      KLC and FORK LIFTS entered into an Equipment Lease Agreement No. 3104A (the "Agreement").  A true and correct copy of the Agreement is attached as Exhibit A, pp. 1-7 of Group Exhibit 1.[1]  The Agreement includes an Addendum that states the agreed Commencement Date of the Agreement is May 22, 2015. Exhibit A, p. 4 of Group Exhibit 1.  The Agreement includes another Addendum that states Early Payoff Options. Exhibit A p. 5 of Group Exhibit 1.

---

[1] The attached Group Exhibit 1 consists of Exhibit A (pp. 1-7), Exhibit B (p. 8), Exhibit C (p. 9), Exhibit D (p. 10-13) and Exhibit E (p. 14).

7.     The Agreement contains a description of the equipment leased to FORK LIFTS (the "Equipment"). Exhibit A, pp. 6-7 of Group Exhibit 1; see also, Exhibit D, pp. 12-13.  A true and correct listing of the Equipment is:

| Qty | Description |
|---|---|
| 1 | FORKLIFT, TCM MDL. FCG25N6, S/N 48804417, 4,700 LB CAP, UNIT 3, *NOT VISUALLY INSPECTED OUT ON RENTAL |
| 1 | FORKLIFT, DAEWOOD MDL. 6C25E-3, S/N CV-01535, UNIT 5, 3,700 LB CAP, *NOT VISUALLY INPSECTED, OUT ON RENTAL |
| 1 | FORKLIFT, WORLDLIFT MDL. WFD50, S/N 1325, 5,000 LB CAP, UNIT 4, *NOT VISUALLY INSPECTED, OUT ON RENTAL |
| 1 | FORKLIFT, KOMATSU MDL. FG25, S/N 500361A, UNIT 14, *NOT VISUALLY INSPECTED, OUT ON RENTAL |
| 1 | FORKLIFT, TOYOTA MDL. FG20, S/N 12157, 4,400 LB CAP, UNIT 22, *NOT VISUALLY INPSECTED, OUT ON RENTAL |
| 1 | FORKLIFT, TOYOTA MDL. 3FGL25, S/N 20048, 5,000 LB CAP, UNIT 26, *NOT VISUALLY INPSECTED, OUT ON RENTAL |
| 1 | FORKLIFT, TCM MDL. FD25Z5T, S/N A32T3170, UNIT 48, *NOT VISUALLY INSPECTED, OUT ON RENTAL |
| 1 | FORKLIFT, TCM MDL. FD25Z5T, S/N A32570450, UNIT 49, *NOT VISUALLY INSPECTED, OUT ON RENTAL |
| 1 | FORKLIFT, TCM MDL. FD25Z2ST, S/N 22F29378, UNIT 51, *NOT VISUALLY INSPECTED, OUT ON RENTAL |
| 1 | FORKLIFT, CLARK MDL. C300, S/N 3568164378, 4,450 LB CAP, 188" LIFT HEIGHT, TRIPLE MAST, GAS UNIT 2 |
| 1 | FORKLIFT, TCM MDL. FCG20, S/N 3161091, 4,000 LB CAP, 128" LIFT HEIGHT, PLATE NOT VISIBLE, UNIT 21 |
| 1 | FORKLIFT, HYSTER MDL. H65XM, S/N 177B33652T, 7,000 LB CAP, 146" LIFT HEIGHT, DIESEL, UNIT 10 |
| 1 | FORKLIFT, CAT MDL. P8000, S/N 203, 5,500 LB CAP, 180" LIFT HEIGHT, CURRENTLY OUT OF SERVICE, UNIT 11 |
| 1 | FORKLIFT, NISSAN MDL. PD9203114, 9,000 LB CAP, 187" LIFT HEIGHT, UNIT 19 |
| 1 | FORKLIFT, TCM MDL. FD7027T, S/N 57906620, 15,500 LB CAP, 177" LIFT HEIGHT DISEL, UNIT 20 |
| 1 | FORKLIFT, TCM MDL. FD70, S/N 43830369, 15,500 LB CAP, 147" LIFT HEIGHT, DIESEL, UNIT 15 |
| 1 | FORKLIFT, TCM MDL. FD70, S/N 43950244, 15,000 LB CAP, 218" LIFT HEIGHT, DIESEL, UNIT 16 |
| 1 | FORKLIFT, PWRLIFT MDL. PDF12, S/N 95481, (1981), CURRENTLY OUT OF SERVICE, UNIT 17 |
| 1 | FORKLIFT, HYSTER MDL. H250 AUTO, S/N B7P4443M, 25,000 LB |

CAP, GAS, PLATE NOT VISIBLE, UNIT 9

| | |
|---|---|
| 1 | ROUGH TERRAIN FORKLIFT, ALLIS-CHALMERS MDL. AC708-G, S/N 1091, 6,000 LB CAP, DIESEL, STANDARD MAST |
| 1 | PLATE NOT VISIBLE, UNIT 31 |
| 1 | ROUGHT TERRAIN FORKLIFT, PWRLIFT MDL. PDF12-RT, S/N 98282, (1982), 12,000 LB CAP, STANDARD MAST, DIESEL, UNIT 18 |
| 1 | TELESCOPIC ALL-TERRAIN FORKLIFT, PWRLIFT MDL. HRLT-35, S/N 1039-83, (1983), UNIT 26 |
| 1 | SCISSOR LIFT, RENEGADE MDL. 1933, S/N 1250510, CURRENTLY OUT OF SERVICES, UNIT 75 |
| 1 | SCISSOR LIFT, RENEGADE MDL. 1933, S/N 1240510, CURRENTLY OUT OF SERVICE, UNIT 76 |
| 1 | SCISSOR LIFT, JLG, ELECTRONIC, 750 LB CAP, PLATE NOT VISIBLE, UNIT 77 |
| 1 | FORKLIFT BOOM ATTACHMENT (BABY HUIE) |
| 1 | FORKLIFT BUCKET ATTACHMENT |
| 1 | FORKLIFT CARPET RAM ATTACHMENT |
| LOT | LOT FORKLIFT FORKS & FORK EXTENSIONS, WITH RACKS, APPROX. 6 SETS |
| 1 | FLATBED TRAILER, OVERBUILT TRAILER, VIN# 1Z9GC432255005819, (2005), DROP DECK, 45', DOVETAIL RAMP 2-AXLE, POWER WINCH, STEEL MESH DECKING |
| 1 | TRUCK TRACTOR, FREIGHTLINER VIN# 1FUJA6AS03LK58602, (2003), MDL. COLUMBIA CL 120T, DETROIT 6D DIESEL ENGINE, DAY CAB, SLIDING 5TH WHEEL |
| 1 | PICKUP TRUCK, S10 CHEVY, VIN# 1GCCS145618238117, (2001), CURRENTLY OUT OF SERVICE |
| 1 | PICKUP TRUCK, FORD RANGER, VIN# 1FTCR14X7VPA02679, (1997), NOT VISUALLY INPSECTED, OUT FOR REPAIRS |
| LOT | PARTS INVENTORY, INCLUDING BUT NOT LIMITED TO BELTS, HOSES, SPARK PLUGS, HARDWARE, FILTERS, BULBS, LUBRICANTS, WIRE, TIRES, ESTIMATED AT $35,000 COST |
| 32 | SHELVING SECTIONS, METAL, LIGHT DUTY, ADJUSTABLE |
| LOT | PLANT SUPPORT EQUIPMENT, INCLUDING ALL ASSETS BELOW |
| 1 | SHOP VAC W/*PLANT SUPPORT EQUIPMENT* |
| 1 | LIGHT TOWER W/*PLANT SUPPORT EQUIPMENT* |
| 3 | FANS, PEDESTAL W/*PLANT SUPPORT EQUIPMENT* |
| 2 | DOLLIES W/*PLANT SUPPORT EQUIPMENT* |
| 2 | TOOLBOXES W/*PLANT SUPPORT EQUIPMENT* |
| 2 | BUTANE HEATERS W/*PLANT SUPPORT EQUIPMENT* |
| 6 | PALLET JACKS W/*PLANT SUPPORT EQUIPMENT* |
| 1 | OXY/ACY TORCH CART W/*PLANT SUPPORT EQUIPMENT* |
| 1 | DE GRINDER W/*PLANT SUPPORT EQUIPMENT* |

| | |
|---|---|
| 3 | BARREL PUMPS W/*PLANT SUPPORT EQUIPMENT* |
| 6 | HAND TOOLS W/*PLANT SUPPORT EQUIPMENT* |
| 6 | JACK STANDS W/*PLANT SUPPORT EQUIPMENT* |
| 1 | LADDER W/*PLANT SUPPORT EQUIPMENT* |
| 1 | CART W/*PLANT SUPPORT EQUIPMENT* |
| 1 | VISE W/*PLANT SUPPORT EQUIPMENT* |
| 1 | HOSE REEL W*PLANT SUPPORT EQUIPMENT* |
| 1 | STRIPING MACHINE, RUST-OLEUM |
| 1 | PARTS WASHER, ZEP, REACH-IN TYPE |
| 6 | PALLET RACKING, APPROX. 7'X42" X 14' H |
| 1 | AIR COMPRESSOR, COLEMAN, VERTICAL TANK MOUNTED, 6.5 HP |
| 1 | 1 WELDING TABLE, HEAVY DUTY, W/VISE, COLE TOOL ATTACHMENT |
| 1 | DRILL PRESS, WILTON, MDL. 2800, S/N 572, FLOOR TYPE |
| 1 | SHOP PRESS, WEAVER, S/N D14427, 20 TON |
| 1 | HYDRAULIC PRESS, SHOP BUILT, ROTARY TABLE, PENDANT CONTROLS, 100-TON CAPACITY |
| 1 | FLOOR BUFFER, P/H, WALK-BEHIND |
| 1 | PIPE TABLE, W/(2) RIDGID PIPE BC-810 1-1/4" UNITS |
| 1 | WELDER, LINCOLN ELECTRIC, RANGER 8, PORTABLE, W/LEADS, TORCH, ETC. |
| 1 | RIDING LAWN MOWER, WEED EATER, 12.5 HP, C/I, 38" |
| 1 | PRESSURE WASHER, SP SYSTEMS, BUILT-IN FILTER, HOSE REEL, GUN |
| 1 | FUEL TANK, 500 GALLON, PEDESTAL MOUNTED, W/PUMP AND GAUGE 750.00 |
| LOT | OFFICE FURNITURE, COMPUTERS AND EQUIPMENT, LOCATED THROUGHOUT |
| 1 | BATTERY CHARGER, CHLORIDE, 36V, S/N 8J16896 |
| 1 | BATTERY CHARGER, DOUGLAS, 48V, S/N 52662 |
| 1 | BATTERY CHARGER, HERTNER, 12V, S/N 6270 |
| 1 | BATTERY CHARGER, HOBART, 24V, S/N 384CS10575 |
| 1 | FLOOR SCRUBBER, HAKO, S/N 7373230, WALK-BEHIND TYPE, CURRENTLY OUT OF SERVICE |
| 1 | FLOOR SWEEPER, HAKO, MDL. 1100, RIDER-TYPE, CURRENTLY OUT OF SERVICE |
| And | ALL BUSINESS ASSETS |

8.   The Agreement had an advance payment of $4,195.57 plus a rental term of 60 months of payments at $4,195.47 per month.  See Exhibit A, p. 1 of Group Exhibit 1.

9.   An Addendum to the Agreement that lists JIMMY TEAGUE as an Additional Lessee was executed by FORK LIFTS, as Lessor, JIMMY TEAGUE, as Co-Lessee, and KLC, as Lessor.

A true and correct copy of such Addendum is attached as Exhibit B, p. 8 of Group Exhibit 1.

10.     To induce KLC to enter into the Agreement, and to secure absolute and unconditional payment and performance obligations owed to KLC under the Agreement, personal guaranties were also executed by JIMMY TEAGUE and CLAUDIA TEAGUE as individual guarantors to the Agreement (the "Personal Guaranties"). See Exhibit A, p. 3 of Group Exhibit 1.

11.     FORK LIFTS acknowledged receipt of all of the Equipment and its acceptance of purposes of the Agreement.  A true and correct copy of the Acknowledgment and Acceptance of Equipment is attached hereto as Exhibit C, p. 9 of Group Exhibit 1.

12.     In connection with the Agreement, KLC filed a UCC Financing Statement that listed and described the Equipment with the Office of the Texas Secretary of State.  A true and correct copy of the UCC Financing Statement is attached as Exhibit D, pp. 10-13 of Group Exhibit 1.

13.     KLC fully performed its obligations under the Agreement.

14.     Defendants have defaulted under the terms of the Agreement, the Addendum adding JIMMY TEAGUE as a Co-Lessee, and the Personal Guaranties by failing and refusing to make payments to KLC in the manner they promised under the Agreement, such Addendum, and the Personal Guaranties.

15.     KLC made demand upon Defendants for the payments past due and owing under the Agreement, Addendum and Personal Guaranties but Defendants have failed and refused to pay.

16.     As shown in Exhibit E, p. 14 of Group Exhibit 1, the total amount due and owing, as of September 7, 2016, is calculated as follows:

### Past Due Payments

| | |
|---|---|
| 1/20/16-5/20/16 | $ 20,238.81 |
| Sales Tax | $  1,669.69 |
| Transaction Fee | $     82.25 |

| | |
|---|---|
| NSF Fee | $ 350.00 |
| Late Fee (15% after 10 days) | $ 1,888.01 |
| Interest (after 40 days) | $ 927.38 |
| Force-placed Insurance (three months) | $ 1,350.00 |
| Titling Fees | $ 2,961.00 |
| **Sub-Total Past Due:** | **$ 29,467.14** |

**Future Payments**

| | |
|---|---|
| 48 payments (6/20/2016-5/20/2020) | $201,387.36 |
| Discount Future Payments 3% | ($ 6,041.62) |
| Sales Tax | $ 16,116.02 |
| **Sub-Total Future Payments:** | **$211,461.76** |

| | |
|---|---|
| Equipment Sold: | ($ 12,100.00) |
| Residual Due: | $ 20,000.00 |
| Sales Tax: | $ 1,650.00 |
| Collected by Dedicated | ($ 562.50) |
| **Total Amount Due:** | **$249,916.40** |

17.    KLC is entitled to recover prejudgment interest at 18% per annum from the date of default of June 20, 2016, plus its attorneys' fees and costs, pursuant to paragraph 22 of the Agreement. See Exhibit A, p. 2 of Group Exhibit 1.

## COUNT I

### BREACH OF EQUIPMENT LEASE AGREEMENT
### AGAINST FORK LIFTS UNLIMITED

18.    KLC restates and re-alleges Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.    FORK LIFTS defaulted under the terms of the Agreement by failing to pay the obligations owed to KLC under the Agreement.

20.    KLC has fully performed under the Agreement.

21.    KLC has been damaged by FORK LIFT'S defaults under the Agreement in the amount of $249,916.40, as of September 7, 2016, plus prejudgment interest at 18% per annum from

June 20, 2016, until the date of judgment, plus attorney fees and costs.

WHEREFORE, KLC FINANCIAL, INC., seeks the entry of judgment against FORK LIFTS UNLIMITED, INC. under Count I of this Complaint in the amount of $249,916.40 plus prejudgment interest at 18% annum from June 20, 2016, until the date of judgment, plus attorney fees and costs.

## COUNT II

### BREACH OF EQUIPMENT LEASE AGREEMENT
### AGAINST JIMMY TEAGUE

22.     KLC restates and re-alleges Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

23.     JIMMY TEAGUE defaulted under the terms of the Addendum adding him as Co-Lessee by failing to pay the obligations owed to KLC under the Agreement.

24.     KLC has fully performed under the Agreement.

25.     KLC has been damaged by JIMMY TEAGUE's defaults under the Agreement in the amount of $249,916.40 as of September 7, 2016, plus prejudgment interest at 18% per annum from June 20, 2016, until the date of judgment, plus attorney fees and costs.

WHEREFORE, KLC FINANCIAL, INC., seeks the entry of judgment against JIMMY TEAGUE under Count II of this Complaint in the amount of $249,916.40 plus prejudgment interest at 18% annum from June 20, 2016, until the date of judgment, plus attorney fees and costs.

## COUNT III

### BREACH OF GUARANTY – JIMMY TEAGUE

26.     KLC restates and re-alleges Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     JIMMY TEAGUE defaulted under the terms of his Personal Guaranty by failing to pay the obligations owed to KLC under the Agreement.

28.    KLC has fully performed under the Agreement and, therefore, has fully performed all of its obligations under the Guaranties.

29.    KLC has been damaged by JIMMY TEAGUE'S default under his Personal Guaranty in the amount of $249,916.40, plus prejudgment interest at 18% annum from June 20, 2016 until the date of judgment, plus attorney fees and costs.

WHEREFORE, KLC respectfully requests that this Court enter judgment in its favor and against JIMMY TEAGUE under Count III of this Complaint in the amount of $249,916.40 plus prejudgment interest at 18% per annum from June 20, 2016, until the date of judgment, plus attorney fees and costs.

## COUNT IV
## BREACH OF GUARANTY – CLAUDIA TEAGUE

30.    KLC restates and re-alleges Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.    CLAUDIA TEAGUE defaulted under the terms of her Personal Guaranty by failing to pay the obligations owed to KLC under the Agreement.

32.    KLC has fully performed under the Agreement and, therefore, has fully performed under the Guaranties.

33.    KLC has been damaged by CLAUDIA TEAGUE'S default under her Personal Guaranty in the amount of $249,916.40, plus prejudgment interest at 18% annum from June 20, 2016 until the date of judgment, plus attorney fees and costs.

WHEREFORE, KLC respectfully requests that this Court enter judgment in its favor and against CLAUDIA TEAGUE under Count IV of this Complaint in the amount of $249,916.40 plus prejudgment interest at 18% per annum from June 20, 2016, until the date of judgment, plus attorney fees and costs.

## COUNT V
## WRIT OF SEQUESTRATION

34.     KLC repeats and re-alleges Paragraphs 1 through 23 as though fully set forth herein.

35.     Pursuant to paragraph **22. REMEDIES** of the Agreement, KLC is entitled to immediate possession of the Collateral upon default.

> If Lessee is in default, Lessor, with or without notice to Lessee, shall have right to exercise any one or more of the following remedies, concurrently or separately, and without any election of remedies being deemed to have been made: (a) enter upon Lessee's premises and without any court order or other process of law may repossess and remove the Equipment and pledged collateral, or render the Equipment unusable without removal, either with or without notice to Lessee. Lessee hereby waives any trespass or right of action for damages by reason of such entry, removal or disabling. Any such repossession shall not constitute a termination of this Lease unless Lessor so notifies Lessee in writing; (b) require Lessee, at its expense, to return the Equipment and collateral in good repair, ordinary wear and tear resulting from proper use thereof alone, excepted, by delivering it, packed and ready for shipment, to such place as Lessor may specify; (c) cancel or terminate this Lease and may retain any and all prior payments paid by Lessee; (d) declare all sums due and to become due under this Lease immediately due and payable, including as to any or all items of Equipment, without notice or demand to Lessee; (e) release the Equipment or collateral, without notice to Lessee, to any third party, upon such terms and conditions as Lessor alone shall determine, or may sell the Equipment or collateral, without notice to Lessee, at private or public sale, at which sale Lessor may be the purchaser; (f) sue for and recover from Lessee the sum of all unpaid rents and other payments due under this Lease then accrued, all accelerated future payments due under this Lease, reduced to their present value at a discounted rate of 3%, as of date of default, plus Lessor's estimate at the time this Lease was entered into of Lessor's residual interest in the Equipment, reduced to a present value at a discount rate of 3% as on the date of default; (g) pursue any other remedy available at law, by statute or equity. No right or remedy herein conferred upon or reserved to Lessor is exclusive of any other right or remedy herein, or by law or by equity provided or permitted, but each shall be cumulative of every other right or remedy given herein or now or hereafter existing by law or equity or otherwise, and may be enforced concurrently therewith or from time to time. No single or partial exercise by Lessor of any right or remedy hereunder shall preclude any other or further exercise of any other right or remedy.

See paragraph "**22. Remedies**" (emphasis in original), Exhibit A, p. 2 of Group Exhibit 1.

36.     The Equipment is in the possession of Defendants.

37.     The Equipment is being wrongfully detained by Defendants.

38.     The cause of detention of the Equipment to KLC's best knowledge, information, and

belief is that Defendants' financial distress has caused them to default under the Agreement and they are unwilling to surrender the Equipment and will thereby cease being able to operate, or Defendants have no funds by which to undertake the costs of surrendering the Equipment

39.    KLC has a superior right to possession of the Equipment.

40.    The Equipment has not been taken for a tax, assessment or fine or seized under any execution or attachment against the property of KLC, or that if so seized that it is exempt from the seizure.

41.    The Equipment is materially declining in value and will continue to do so as time passes.

42.    KLC believes that the Equipment is in the possession of FORK LIFTS at it place of business at 550 Navigation Blvd., Corpus Christi, TX 78408 in Nueces County, Texas.

43.    Pursuant to paragraph 22 of the Agreement, KLC is authorized and empowered to take possession of the Equipment upon Defendants' failure to pay KLC the amounts due and owing thereunder.

44.    Pursuant to the payment default. KLC is entitled to take immediate possession of the Equipment and dispose of the same pursuant to the Agreement and applicable law.

45.    Pursuant to the Agreement and upon failure to pay KLC the amounts due and owing thereunder, KLC possesses all of the rights and remedies under the Uniform Commercial Code.

46.    KLC has made demand upon Defendants for the return of the Equipment, however the Defendants have failed or refused to surrender it.

47.    The Equipment is not earnings and not exempt from execution.

48.    The writ and turnover order requested by KLC by this Count is not sought to hinder, delay or defraud any creditors of Defendants.

49.    The value of the Equipment is estimated to be, depending on condition, approximately as follows:

a.  Clark, model C300-50, 1980, #356-816-4378, 188" Triple, Gas ($450)

b.  TCM, model FCG20, 1986, #3161091, 128" HiVis ($650)

c.  TCM, model FD70Z7T, 1988, #57906620, 177" lift, Diesel ($3,200)

d.  TCM, model FD70Z2T, 1983, #43830369, 147" lift, Diesel (2,400)

e.  Hyster, model H65XM, 1996, #177B33652T, 146" HiVis, Diesel ($1,800)

f.  Hyster, model H250, 1991, #B7P4443M, Gas ($7,500)

g.  Cat, model P6000, #?, 180" Triple ($1,200)

h.  Nissan, model PD90Y, 1991, #9203114, 187" Triple, Diesel ($2,400)

i.  PowerLift, model PDF12-RT, 1981, #954-81, Rough Terrain 12K, Diesel ($1,800)

j.  PowerLift, model PDF12-RT, 1982, #982-82, Rough Terrain 12K, Diesel ($2,200)

k.  PowerLift, model HRLT-35, 1983, #1039-83, Telehandler ($1,800)

l.  Renegade, model 1933, #1250510, 'Scissor Lift', 24V, 110/C, 500#, 9' X 30" Platform ($250)

m.  Renegade, model 1933, #1240510, 'Scissor Lift', 24V, 110/C, 500#, 9' X 30" Platform ($250)

n.  JLG, model 'Scissor Lift' No Tag ($350)

o.  TCM, model FCG25N6, 1989, #48804417 ($550)

p.  TCM, model FD25Z2ST, 1989, #A32T3170 ($1,400)

q.  TCM, model FD25Z2ST, 1989, #A32570450 ($1,400)

r.  TCM, model FD25Z2ST, 1989, #22F29378 ($1,400)

s.  Daewoo, model GC25E-2, 1998, #CV01535 ($1,200)

t.   WorldLift, model WFD50, #1325 ($1,600)

50.    Defendants are actively secreting the Equipment.  KLC has attempted to obtain peaceful possession of the Equipment from the Defendants but Defendants are hiding the Equipment to frustrate KLC's legitimate rights to possession of the Equipment.

51.    The Defendants have not been making payments to KLC and have, upon information and belief, to not have the funds available to properly maintain the Equipment.  Failure to properly maintain the Equipment will result in waste or destruction to the value of the Equipment.

52.    The Equipment is highly mobile and at substantial risk of being moved out of Nueces County, Texas during the pendency of this lawsuit.

53.    The Equipment is being sub-leased to third parties who are unknown to KLC and there is a substantial risk that due to the Defendants deterioration on their financial condition, records will be lost or failed to be kept regarding the location of the Equipment and the identity and location of the sub-lessees.

54.    Based upon the foregoing, there is a substantial likelihood that KLC will prevail on the merits of this Complaint.

**WHEREFORE**, Plaintiff, **KLC FINANCIAL, INC.** prays that this Court:

(a)  issue a turnover order against each of the Defendants immediately directing them to turn possession of the Equipment as described in Exhibit A, Schedule A in their possession or control, in good condition, less reasonable wear and tear, over to KLC or its designated agent;

(b)  issue a writ of replevin ordering the Nueces County Sheriff to use all force reasonably necessary to obtain possession of the Equipment in the event that the Defendants do not immediately and voluntarily turn over the Equipment to KLC or its designated agent, in good condition, less reasonable wear and tear; plus

(c)  enter a money judgment in an amount equal to the value of the Equipment not delivered

to KLC or its designated agent or the such designated officer under the order for replevin entered by this Court; and

(d) awarding such other relief as this Court deems just.

**Dated: October 24, 2016.**

Respectfully submitted,

**/s/ Dennis A. Dressler**
**Dennis A. Dressler**
**Pro Hac Vice Pending**
**Illinois Bar No. 6271183**
**Dennis A. Dressler, Esq.**
**Dressler Peters, LLC**
**111 W. Washington St Ste 1900**
**Chicago, IL  60602**
**(312) 602-7367**
**(312) 637-9378 Fax**
**(312) 515-3811 Mobile**
**ddressler@dresslerpeters.com**
**Attorney in Charge for Plaintiff,**
**KLC FINANCIAL, INC.**

**/s/ John H. Bennett Jr.**
**John H. Bennett Jr.**
**Texas Bar 02155500**
**JOHN H. BENNETT JR., P.C.**
**5847 San Felipe St Ste 1700**
**Houston, TX 77057-3073**
**(713) 650-8222**
**(713) 650-3033 Fax**
**(832) 563-5646 Mobile**
**jb@johnhbennettjr.com**
**Local Counsel for Plaintiff,**
**KLC FINANCIAL, INC.**